UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| JAMES SMITH AND | ) |
| MICHELLE SMITH, | ) |
| | ) |
| Plaintiffs | ) |
| vs. | ) Case No.: 3:17-CV-561 RLM |
| | ) |
| BIOMET, INC., *et al.*, | ) |
| | ) |
| Defendants | ) |

## OPINION AND ORDER

James and Michelle Smith sued Biomet for damages in connection with the alleged failure of Mr. Smith's Biomet M2a-38 hip implant. Biomet moved for summary judgment, arguing that their claims are barred by the applicable statutes of limitations. For the following reasons, Biomet's summary judgment motion is granted.

Summary judgment is appropriate when the pleadings, discovery materials, disclosures, and affidavits demonstrate no genuine issue of material fact, such that the movant is entitled to judgment as a matter of law. Protective Life Ins. Co. v. Hansen, 632 F.3d 388, 391-92 (7th Cir. 2011). I must construe the evidence and all inferences that reasonably can be drawn from the evidence in the light most favorable to the plaintiffs, as the non-moving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986). As the moving party, Biomet bears the burden of informing me of the basis for its motion, together with evidence demonstrating the absence of any genuine issue of material fact. Celotex Corp. v.

Catrett, 477 U.S. 317, 323 (1986). If Biomet meets that burden, the plaintiffs can't rest upon the allegations in the pleadings, but must "point to evidence that can be put in admissible form at trial, and that, if believed by the fact-finder, could support judgment in his favor." Marr v. Bank of Am., N,A., 662 F.3d 963, 966 (7th Cir. 2011); see also Hastings Mut. Ins. Co. v. LaFollette, No. 1:07-cv-1085, 2009 WL 348769, at *2 (S.D. Ind. Feb. 6, 2009) ("It is not the duty of the court to scour the record in search of evidence to defeat a motion for summary judgment; rather, the nonmoving party bears the responsibility of identifying the evidence upon which he relies."); Hammel v. Eau Galle Cheese Factory, 407 F.3d 852, 859 (7th Cir. 2005) (summary judgment is "not a dress rehearsal or practice run; it is the put up or shut up moment in a lawsuit, when a party must show what evidence it has that would convince a trier of fact to accept its version of events").

Mr. Smith was implanted with a Biomet M2a metal-on-metal hip implant on October 18, 2011, and began experiencing pain in his hip around September of 2012. On May 7, 2015, he met with a surgeon who noted the possibility of pseudotumor or infection. An aspiration indicated a strep infection, and a stage I revision with an antibiotic spacer placement was performed on May 15, 2015. The surgeon's operative findings noted the possibility of an adverse metal-on-metal reaction. Mr. Smith underwent a second surgery on July 29, 2015 to repair a fracture of the femoral shaft and complete the second stage of the revision.

Mr. and Mrs. Smith filed suit against Biomet on July 18, 2017, alleging

strict product liability, negligence, breach of express and implied warranties, violation of the Ohio Consumer Protection Act, and loss of consortium.

When a case is filed directly in the MDL transferee court, as this case was, the court applies the law, including choice-of-law rules, of the state where the case originated. See In re Watson Fentanyl Patch Prods. Liability Litig., 977 F. Supp. 2d 885, 888 (N.D. Ill. 2013). It's "appropriate to treat a foreign direct-filed case as if it had been filed in the state where the plaintiff purchased and was prescribed the subject [product]." Id. (internal quotations omitted). Mr. Smith's M2a implant was prescribed, purchased, and implanted in Ohio, so Ohio law governs, and its statute of limitations applies. See Dudek v. Thomas & Thomas Attys. & Counselors at Law, LLC, 702 F.Supp.2d 826, 834 (N.D. Ohio 2010) ("Ohio courts are required to apply Ohio's statute of limitations to an action filed in Ohio even if that action would be time-barred in another state.").

The statute of limitations for product liability cases in Ohio is two-years. Ohio Rev. Code Ann. § 2305.10(A). In the case of "ethical medical devices" – prescription medical devices regulated by the FDA – or exposure to chromium, a claim accrues "upon the date on which the plaintiff is informed by competent medical authority that [he] has an injury that is related to the exposure, or upon the date on which by the exercise of reasonable diligence the plaintiff should have known that [he] has an injury that is related to the exposure, whichever date occurs first." Ohio Rev. Code Ann. §§ 2305.10(B)(1)-(2), 2307.71(A)(5).

Biomet maintains that Mr. Smith's claims accrued on May 7, 2015, when he discussed revision surgery to remove the implant with his physician, or on May 15, 2015 when the first revision occurred. If the claims accrued on either date, the statute of limitations bars a complaint filed in July 2017. Citing *e.g.*, Dunlap v. Medtronic, Inc., 47 F.Supp.2d 888, 892 (N.D. Ohio 1999) (surgery to remove defective components of device put plaintiff on notice); Smith v. Osteomed, Inc., No. 98AP-911,1999 WL 203146 (Ohio App. Apr. 8, 1999) (accrual started when plaintiff told by doctor that implant had fractured and needed to be removed, not at time of later revision surgery). That Mr. Smith was told he had an infection in the implant is irrelevant, says Biomet, because the statute requires only that the plaintiff knew or should have know that "[he] has an injury that is related to the exposure" to the implant, Ohio Rev. Code Ann. § 2305.10(B)(1)-(2). Mr. Smith admitted in his complaint that he became aware of "the connection and/or nexus between his injuries and the above-described negligent design" at the time of his "first revision surgery" on May 15, 2015 and he hasn't retracted or explained that statement. Biomet concludes that "the removal of the implant as a result of the infection, and diagnosis that the implant was infected, put Plaintiff on notice that his injury was related to exposure to his implant." I agree.

Mr. Smith says the statute didn't begin to run until the second revision surgery was completed on July 29, 2015 because his surgeon didn't definitively diagnose the cause of his injury after the first revision, and Mr. Smith –

4

hospitalized due to complications and discharged to a nursing home after the first surgery – was in no condition to investigate on his own. But Ohio law doesn't require a "definitive diagnosis", and Mr. Smith hasn't presented any evidence to support an equitable tolling argument. His product liability claims and related negligence and breach of warranty claims, which are subject to the same two-year statute of limitations, see Ohio Rev. Code Ann. §§ 2305.10(A), (F)(2) and 2307.71(A)(13), were filed more than two years after Mr. Smith's first revision, when he admittedly became aware of the connection between his injuries and the hip implant, and so are time-barred.

Biomet contends that Mr. Smith's consumer protection claims should be dismissed as a matter of law because medical devices aren't "consumer goods" under the Ohio Consumer Sales Protection Act, Reeves v. PharmaJet, Inc., 846 F.Supp.2d 791, 798 n.2 (N.D. Ohio 2012); Williams v. Boston Scientific Corp., No. 3:12CV1080, 2013 WL 1284185 (N.D. Ohio Mar. 27, 2013); because Mr. Smith hasn't shown "that he…was aware of the alleged misrepresentation before or during the purchase", Marlowe v. Nature's Bounty Co., No. 1:17CV332, 2017 WL 2291683 (N.D. Ohio May 25, 2017); and because the two-year limitations period applicable to OCSPA claims runs from "the occurrence of the violation which is the subject of the suit," Ohio Rev. Code Ann. § 1345.10(C), and would bar plaintiffs' claim.

Mr. Smith says that because Biomet hasn't taken his deposition or the depositions of his surgeons, Biomet can't say when it made representations. That may be true, but because Mr. Smith would bear the burden of proof at trial, it is he who must point to evidence of the making, content and timing of the statement. Mr. Smith doesn't address Biomet's assertion that Mrs. Smith's loss of consortium claim is derivative and must be dismissed absent a "legally cognizable tort upon [Mr. Smith]". <u>McClary v. M/I Schottenstein Homes, Inc.</u>, No. 03AP-777, 2004 WL 2980561 (Ohio App. Dec. 23, 2004), and has waived the right to do so. Accordingly, those claims are dismissed.

The court GRANTS Biomet's motion for summary judgment [Doc. No. 25] with respect to all of the claims asserted in the plaintiffs' complaint.

SO ORDERED.

ENTERED:   December 14, 2018

/s/ Robert L. Miller, Jr.
Judge, United States District Court
